UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| KYRON M. SANDS, | : | |
| *Plaintiff,* | : | No. 3:16-cv-1941 (JAM) |
| | : | |
| v. | : | |
| | : | |
| DEPUTY WARDEN MUDANO, et al., | : | |
| *Defendants.* | : | |

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Kyron M. Sands is confined at the Robinson Correctional Institution. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. Plaintiff names eleven individual defendants, all officers or staff at Robinson. Plaintiff alleges that he was severely beaten by several of the defendants, and he seeks money damages for defendants' use of excessive force and deliberate indifference to his subsequent medical needs. After an initial review, the Court concludes that the complaint should be served on all but two of the defendants.

**BACKGROUND**

Plaintiff names eleven defendants: Deputy Warden Guiliana Mudano, Lieutenants Iozzia and Meeker, Judicial Marshals Gregory Seely and Secondi, Correctional Officers Muckle, Miller, Duggan, Messier, and Stadalnik, and Nurse Chuck Evans. Doc. #1 at 1. Because plaintiff seeks only money damages, the Court assumes that he has named all defendants in individual capacity only.

The following allegations from plaintiff's complaint are accepted as true for purposes of the Court's initial review. On March 12, 2014, plaintiff was in a holding cell at Corrigan Correctional Institution waiting to be transported to court with several other inmates. *Id.* at 5

(¶ 1). He told judicial marshals that he was hearing voices and was not taking his psychiatric medication. Plaintiff asked that he be handcuffed at the end of the line of inmates so he could sit near the door and be more comfortable. Secondi agreed to the request. *Ibid.*

When the marshals began handcuffing the inmates, Seely refused to handcuff plaintiff at the end of the line. Instead, plaintiff was handcuffed second to last in the line. *Id.* at 5 (¶ 2).  As the inmates were entering the transport van, plaintiff again asked Seely to be seated near the door, but Seely again refused. *Id.* at 5 (¶ 3).

When the inmates were entering the van, Seely asked plaintiff if he had a problem. Plaintiff responded "yeah, I already fucking told you my problem." *Id.* at 5 (¶ 4). Seely told plaintiff to get in the van. *Ibid.*

While getting into the van, Seely overheard plaintiff speaking with another inmate and asked plaintiff what he said. Plaintiff replied that he had said "that you marshalls are always doing this shit." *Id.* at 6 (¶ 5). Seely then grabbed plaintiff by his uniform and slammed him off of the van and face-down onto the pavement while yelling at plaintiff. *Id.* at 6 (¶ 6). Seely, Secondi, Muckle, Miller, Duggan, Messier, and Stadalnik all then jumped on plaintiff while he was on the ground and still handcuffed to other inmates. They injured plaintiff's head, face, eye, neck, and back. They twisted his body parts and pulled his genitals. All of the other inmates witnessed this use of force, which also occurred directly in front of a surveillance camera. *Id.* at 6 (¶ 7).

Plaintiff was brought back inside the facility, handcuffed, and warned that he would be pepper sprayed if he resisted the officers. Plaintiff was placed in the holding cell by himself. He asked to see a nurse and a mental health worker. Eventually a state police officer came to the

facility and told plaintiff that he was being arrested for assault. Plaintiff stated that he was the one assaulted and asked to press charges. The police officer asked him if he wanted to write a statement admitting that he assaulted Seely; plaintiff refused. *Id.* at 6 (¶ 8).

When medical staff came to the cell about an hour after the incident, plaintiff reported injuries to his head, face, neck, and eye, as well as back pain and a headache. The nurse treated a cut on his eye and wiped blood from his eyes, but did not provide any further care. Medical staff refused to photograph any injuries. The nurse refused to call mental health staff. *Id.* at 6 (¶ 9).

Plaintiff was transported back to Garner Correctional Institution. He asked to see medical and mental health staff, but they never came to his cell. Plaintiff notified Meeker of the incident. She refused to help him and sent him to restrictive housing. *Id.* at 6 (¶ 10). Once in restrictive housing, plaintiff requested medical and mental health treatment. He was again denied. *Id.* at 8 (¶ 11).

Next, disciplinary officer Fernandez, who is not named as a defendant in this action, met with plaintiff and advised him to enter a guilty plea. Fernandez told plaintiff that it was his word against a correctional officer. He promised plaintiff a sanction of seven days in restrictive housing, thirty days loss of phone, and thirty days loss of visits if he pled guilty, compared with a minimum of thirty days in restrictive housing if he did not. *Id.* at 8 (¶ 12).

Plaintiff served seven days in restrictive housing without any medical treatment. Since then, he has been affected by problems stemming from his injuries every day, including blurred vision, migraine headaches, neck pain, back spasms, PTSD, and anxiety. *Id.* at 8 (¶¶ 13–14).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and

dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

The use of excessive force against a prisoner may constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010) (*per curiam*). The "core judicial inquiry" is not "whether a certain quantum of injury was sustained but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 37. Plaintiff alleges that Seely, Secondi, Muckle, Miller, Duggan, Messier, and Stadalnik savagely beat him in response to minor comments he made displaying his frustration. Plaintiff's allegations state a plausible claim for relief for the use of excessive force in violation of the Eighth Amendment.

Plaintiff also alleges that the nurse, presumably Evans, failed to treat or document his injuries, and that Meeker failed to assist him when he requested medical help. Doc. #1 at 6. Failure to treat medical needs may violate the Eighth Amendment right to be free from cruel and unusual punishment, if the medical need was serious and the defendant acted with a sufficiently

culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)). Plaintiff's alleged injuries—damage to his head, face, neck, eye, and back, in the immediate aftermath of a severe beating—are certainly serious. As to the state of mind of those who refused him treatment, plaintiff's allegations are sparse. But plaintiff does allege that he was seen by medical staff, and that he did not get any meaningful treatment despite the severity of his injuries. Doc. #1 at 6. I therefore conclude that plaintiff has adequately alleged that defendants knew of and disregarded an excessive risk to his health. *See Smith*, 316 F.3d at 184. Plaintiff's deliberate indifference claim will proceed.

Plaintiff has therefore stated a claim for the violation of his constitutional rights against defendants Seely, Secondi, Muckle, Miller, Duggan, Messier, Stadalnik, Meeker, and Evans. Plaintiff also names Deputy Warden Mudano and Lieutenant Iozzia as defendants but does not mention either of them in his statement of facts. The Court cannot determine the basis for plaintiff's claims against these two defendants. Plaintiff may file an amended complaint provided he can allege facts showing how Mudano and Iozzia violated his constitutionally protected rights.

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1) Plaintiff's claims against defendants Mudano and Iozzia are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice to filing an amended complaint. The case will proceed on the excessive force claims against defendants Seely, Secondi, Muckle, Miller, Duggan, Messier, and Stadalnik, and the deliberate indifference claim against defendants Evans and Meeker.

(2)     **The Clerk shall** verify the current work addresses of defendants Seely, Secondi, Muckle, Miller, Duggan, Messier, Stadalnik, Evans, and Meeker with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     **The Clerk shall** send written notice to plaintiff of the status of this action, along with a copy of this Order.

(4)     **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.

It is so ordered.

Dated at New Haven, Connecticut, this 19th day of January 2017.

                                              /s/ *Jeffrey Alker Meyer*
                                              Jeffrey Alker Meyer
                                              United States District Judge