# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KYRON M. SANDS, | : | |
| *Plaintiff,* | : | No. 3:16-cv-1941 (JAM) |
| | : | |
| v. | : | |
| | : | |
| DEPUTY WARDEN MUDANO, *et al.*, | : | |
| *Defendants.* | : | |

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

On January 19, 2017, the Court filed an Initial Review Order directing service of the complaint on all defendants except Mudano and Iozzia and affording plaintiff an opportunity to file an amended complaint to allege facts supporting his claim against these two defendants. Doc. #7. Plaintiff has filed a motion to amend accompanied by an amended complaint. Doc. #21. The proposed amended complaint lists all original defendants and one new defendant, State Police Trooper Garnett. Plaintiff's motion to amend will be granted, and this ruling reviews the adequacy of the new allegations in the amended complaint.

### BACKGROUND

Plaintiff names twelve defendants, Deputy Warden Guiliana Mudano, Lieutenants Iozzia and Meeker, Judicial Marshalls Gregory Seely and Secondi, Correctional Officers Muckle, Miller, Duggan, Messier and Stadalnik, Nurse Chuck Evans and State Trooper Garnett. The claims against defendants Meeker, Seely, Secondi, Muckle, Miller, Duggan, Messier, Stadalnik and Evans are the same claims included in the original complaint and will not be repeated here.

The following allegations relating to defendants Mudano, Iozzia and Garnett from

plaintiff's amended complaint are accepted as true for purposes of the Court's review.

Following the assault by the other defendants, Iozzia told plaintiff to stand up, be quiet and listen to the officers or he would be sprayed with a chemical agent. Doc. #21-1 at 9 (¶ 45). Plaintiff told Iozzia that he had been assaulted by the defendants while handcuffed and was bleeding and in pain. *Id.* (¶ 46). Instead of assisting plaintiff, Iozzia told him to stop resisting and yelling. *Id.* (¶ 47). Plaintiff asked to see mental health staff but Iozzia denied the request. *Id.* at 10 (¶¶ 48-49). Plaintiff then threatened a lawsuit. *Id.* (¶ 50). Iozzia ordered plaintiff brought into the correctional facility and placed in a holding cell. *Id.* (¶¶ 52-54).

After he was in the holding cell for about an hour, defendant Garnett came to the admitting and processing area and spoke with defendants Iozzia and Seely. *Id.* at 12 (¶ 74). Defendant Garnett told plaintiff that he was being charged with assault. *Id.* at 13 (¶ 76). Plaintiff stated that defendant Garnett had been given false information and asked that he speak to the other inmates on the van and review video footage before arresting him. Defendant Garnett was not interested in plaintiff's explanation. *Id.* at 13-14 (¶¶ 77-79, 81-89).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "pro se complaints

'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Plaintiff was given leave to amend his complaint to allege facts against defendants Mudano and Iozzia. He has alleged no facts against defendant Mudano. Therefore, all claims against defendant Mudano remain dismissed.

Plaintiff alleges that defendant Iozzia was deliberately indifferent to his safety. Prison officials have a duty to make reasonable efforts to ensure inmate safety. To establish a constitutional violation, an inmate must show that the conditions of his incarceration posed a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference exists if prison officials know of and disregard an excessive risk to inmate safety. *See id.* at 837; *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 358 (S.D.N.Y. 2010) (explaining that defendants must be aware of facts supporting an inference that harm would occur and must actually draw that inference).

Plaintiff alleges that defendant Iozzia was aware of but ignored that other defendants were assaulting plaintiff and that he failed to immediately stop the assault or ensure that plaintiff received proper medical and mental health treatment. This allegation is sufficient to state a claim for deliberate indifference to safety.

Plaintiff also names Garnett who was described in the original complaint but not named as a defendant. Plaintiff alleges that Garnett arrested him for assault based on information from Iozzia and Seely. Plaintiff complains that Garnett did not believe plaintiff's statements or verify

3

the information he had been given by interviewing other inmates on the van or by reviewing surveillance footage. These allegations do not suffice to establish a claim against Garnett. If a law enforcement official has probable cause to arrest someone, the Constitution does not require that the official first conduct an exhaustive investigation to determine if there is additional evidence that may be exculpatory. *See Garcia v. Does*, 779 F.3d 84, 93 (2d Cir. 2015). Nor must a law enforcement official necessarily credit an arrestee's explanations or protestations of innocence. *See Pannetta v. Crowley*, 460 F.3d 388, 398 (2d Cir. 2006).

Finally, plaintiff's amended complaint seeks injunctive relief. But because plaintiff is no longer at the same correctional facility (Doc. #22), any claim for injunctive relief is moot. *See Salahuddin v. Goord*, 467 F. 3d 263, 272 (2d Cir. 2011). Accordingly, this action shall proceed solely against the defendants in their individual capacities with respect to plaintiff's claim for money damages.

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1)  Plaintiff's motion to amend (Doc. #21) is GRANTED. The Clerk is requested to separately docket the amended complaint.

(2)  The claims against defendant Mudano remain DISMISSED. The case continues on the excessive force claims against defendants Seely, Secondi, Muckle, Miller, Duggan, Messier and Stadalnik, and the deliberate indifference claim against defendant Evans. The case also will proceed on a deliberate indifference to safety claim against defendant Iozzia. The claim against defendant Garnett is DISMISSED.

(3) The Clerk shall verify the current work address of defendant Iozzia with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to him at the confirmed address within twenty-one (21) days of this Order, and report to the Court on the status of the waiver request on the thirty-fifth (35) day after mailing. If defendant Iozzia fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) Defendants shall file their response to the amended complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver form is sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within four months (120 days) from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within five months (150 days) from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) Defendants' motion for extension of time (Doc. #23) is GRANTED in accordance with the terms of this order.

It is so ordered.

Dated at New Haven, Connecticut, this 14th day of September 2017.

                                                 /s/ *Jeffrey Alker Meyer*
                                                Jeffrey Alker Meyer
                                                United States District Judge